UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ARCH SPECIALTY INSURANCE CO.,

Plaintiff,

v.

CJS PLUMBING, INC.,

Defendant.

Civ. No. 2:20-cv-16382 (WJM)

OPINION

---

### WILLIAM J. MARTINI, U.S.D.J.

This is a breach of contract action between Plaintiff Arch Specialty Insurance Company ("Plaintiff") and its insured, Defendant CJS Plumbing, Inc. ("Defendant"). This matter is before the Court on Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Plaintiff opposed the motion, ECF No. 17, and Defendant filed a reply, ECF No. 18. The Court did not hear oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **DENIED**.

### I.   BACKGROUND

The allegations in this matter are straightforward and, for the purpose of deciding this motion, are accepted as true and viewed in the light most favorable to Plaintiff. *See Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

Plaintiff is an insurance company organized under Missouri law and with a principal place of business in Jersey City, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant is a Nevada corporation with a principal place of business in Reno, Nevada. *Id.* ¶ 2. Plaintiff issued Commercial General Liability Insurance Policies (the "Policies") to Defendant for the policy periods of August 16, 2003 to December 1, 2004; December 1, 2004 to December 1, 2005; December 1, 2006 to December 1, 2007; and December 1, 2008 to June 1, 2010. *Id.* ¶ 6. The Policies required Plaintiff to pay, on Defendant's behalf, the damages and expenses in excess of Defendant's $10,000 per-occurrence deductible. *Id.* ¶¶ 9-10. Although Plaintiff advanced certain payments under the Policies on Defendant's behalf, Defendant failed and refused to remit payment for the deductible amount, totaling $120,964.47. *Id.* ¶¶ 11-12.

To recover the unpaid deductible, Plaintiff filed the underlying Complaint against Defendant on November 17, 2020, alleging claims for breach of contract, unjust enrichment, and account stated. *Id.* ¶¶ 5-26. Defendant now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's claims are time-barred by New Jersey's six-year statute of limitations for breach of contract claims. Def. Br. at 1, ECF No. 15-1.

## II.   ANALYSIS

Although a statute of limitations defense is technically an affirmative defense for a defendant to plead in the answer, the United States Court of Appeals for the Third Circuit permits the defense to be raised in a Rule 12(b)(6) motion to dismiss "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citation omitted). In other words, the Court may dismiss the complaint "only [if] the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). If the statute of limitations defense is not apparent on the face of the complaint, "then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Schmidt*, 770 F.3d at 249 (internal quotation marks and citation omitted).

The parties generally assume, for purposes of this motion, that New Jersey law governs Plaintiff's claims.[1] *See* Pl. Opp'n Br. at 3, ECF No. 17; Def. Reply at 2, ECF No. 18. New Jersey law provides a six-year statute of limitations for contract claims and quasi-contract claims. N.J. Stat. Ann. § 2A:14-1; *Penn Nat'l Ins. Co. v. N. River Ins. Co.*, 783 F. App'x 195, 200 (3d Cir. 2019). The clock begins to tick on the date the cause of action accrues. N.J. Stat. Ann. § 2A:14-1. Under New Jersey law, a cause of action arising from a breach of contract generally accrues when the defendant breached the contract. *Peck v. Donovan*, 565 F. App'x 66, 69 (3d Cir. 2012).

In arguing that Plaintiff's claims are time-barred by New Jersey's six-year statute of limitations, Defendant focuses on the dates of the policy periods pleaded in the Complaint, the most recent of which expired on June 1, 2010, ten years and five months before Plaintiff commenced this action. Def. Br. at 2, ECF No. 15-1. The dates of the policy periods, however, do not conclusively establish that Plaintiff's claims are time-barred, as they provide no indication as to when Plaintiff's claims actually began to accrue. Under an occurrence-based insurance policy like the one pleaded here, it is possible that the covered "occurrence" took place during the policy period, but that the claim was not made until some time thereafter. *See Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318,

---

[1] Plaintiff suggests that choice of law may be an issue for the Court to decide at a later time. Pl. Opp'n Br. at 3, n.2, ECF No. 17. Regardless of which state's law ultimately applies to Plaintiff's claims, the outcome of the instant motion remains the same.

321 (3d Cir. 2005) ("In contrast to a claims-made policy, an occurrence policy provides coverage if the incident giving rise to the claim occurred during the policy period, regardless of when the claim is ultimately brought against the insured, provided the claim is reported to the insurer "as soon as practicable."); *Zuckerman v. Nat'l Union Fire Ins. Co.*, 100 N.J. 304, 310-11 (1985) ("In the 'occurrence' policy, the peril insured is the 'occurrence' itself. Once the occurrence takes place, coverage attaches even though the claim may not made for some time thereafter." (citation omitted)). Because the Complaint pleads only the dates of the policy periods and does not reveal the dates on which the statute of limitations period began to run, the limitations defense may not afford the basis for dismissal of Plaintiff's complaint under Rule 12(b)(6). *Schmidt*, 770 F.3d at 249. Accordingly, the Court will deny Defendant's motion. Defendant may reassert the statute of limitations defense at a later point in this action and on a more complete factual record.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, ECF No. 15, is **DENIED**. The denial is without prejudice to Defendant's right to reassert the statute of limitations defense at a later point in this action and on a more complete factual record. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: June 9, 2021